# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2020 06:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**SUM-100**

20STCV01026

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JETSMARTER, INC., and DOES 1-4, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SACHIN DEV DUGGAL

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* 20STCV01026 |
|---|---|

Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew M. Jacobson, Esq. (SBN 286330) Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard, 12th Flr (310) 552-3800
Los Angeles, California 90067

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 01/08/2020 | Clerk, by *(Secretario)* Romunda Clifton | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **JetSmarter, Inc.**
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1-23-2020

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | CEB ceb.com Essential Forms | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |

SACHIN DEV DUGGAL

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2020 06:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV01026

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

1  WALTER J. LACK, ESQ. (SBN 57550)
   STEVEN C. SHUMAN, ESQ. (SBN 82828)
2  ANDREW M. JACOBSON, ESQ. (SBN 286330)
   **ENGSTROM, LIPSCOMB & LACK**
3  10100 Santa Monica Boulevard, 12th Floor
   Los Angeles, California 90067-4113
4  Telephone:    (310) 552-3800
   Facsimile:    (310) 552-9434
5  Email:        ajacobson@elllaw.com

6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  SACHIN DEV DUGGAL,                          Case No.:

12          Plaintiff,                          **COMPLAINT FOR DAMAGES**

13      vs.                                     **DEMAND FOR JURY TRIAL**

14  JETSMARTER, INC., and DOES 1-4, inclusive,

15          Defendant.

16

17

18      Plaintiff, Sachin Dev Duggal ("Plaintiff" or Mr. Duggal), complains and alleges against

19  Defendant JetSmarter, Inc. ("JetSmarter") as follows:

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

438976                              1

                              **COMPLAINT**

**PARTIES AND VENUE**

## I.   INTRODUCTION

1.     This is an action for breach of contract, fraudulent inducement, and violation of California and Florida's Unfair Trade Practices and Consumer Protection Law. JetSmarter Inc., a flight-sharing company, advertised and promised consumers that it would provide a variety of high-end services at a "grandfathered," or "locked-in" annual membership price, thereby saving consumers hundreds of thousands of dollars in travel expenses. After fraudulently inducing consumers, including Plaintiff, Sachin Duggal, to pay hundreds of thousands of dollars in annual fees, JetSmarter reneged on its promises by reducing and/or terminating the services it promised to provide and demanding additional substantial payments for other services it promised were already included in the annual fee. When confronted by Plaintiff, JetSmarter asserted that its earlier promises were no longer a "viable business model". As a result of JetSmarter's fraudulent bait-and-switch scheme, Plaintiff's membership has been rendered essentially useless and Plaintiff has sustained considerable out of pocket loss.

## II.   PARTIES

2.     Plaintiff, Sachin Duggal, is and was at all relevant times an individual residing in the State of California.

3.     Defendant, Jetsmarter, Inc. ("Jetsmarter"), is a foreign corporation, organized under the laws of the State of Delaware and is registered to do business in the State of Florida. Jetsmarter's world headquarters is located at 500 East Broward Boulevard, Fort Lauderdale, Florida. Jetsmarter markets itself as a company that provides air transportation as an alternative to commercial carriers and private jet ownership.

4.     Defendant, Christopher Thomas ("Mr. Thomas"), is a sales agent who identified himself as the Director of European Sales for Defendant JetSmarter.

5.     DOES 1-4 are persons who are the officers or managers of Jetsmarter, who developed and approved the marketing and sales materials and may have otherwise been involve in the fraudulent sales practices made to Plaintiff. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants named herein was the agent, employee, employer, partner, manager,

438976

2

1  controlling entity, or joint venturer of the other Defendant, and in doing the things herein alleged was

2  acting within the course and scope of such agency, employment, partnership, management, control, or

3  joint venture with the full knowledge and consent of the other Defendant, and that at all times all

4  employees and agents of Defendants acted with the advance knowledge or under the direction or with

5  ratification of corporate officers who had the ability to bind the corporation.

6       6.       The true names and capacities, whether individual, corporate, associate, or otherwise,

7  of Defendants DOES 5 through 100, inclusive, are at this time unknown to Plaintiff, who therefore

8  sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.

9  Plaintiff further alleges that each of said fictitious Defendants is in some manner responsible for the

10 acts and occurrences hereinafter set forth.  Plaintiff is informed and believes, and on that basis alleges,

11 that each fictitiously named Defendant conspired with and/or aided and abetted and is responsible for

12 the occurrences herein alleged, and that Plaintiff's damages were proximately caused by such

13 Defendants.

14      7.       At all relevant times, other individuals as employees of Jetsmarter willingly conspired

15 with other named Defendants in their scheme to fraudulently induce Plaintiff to rely on the

16 misrepresentations and omissions alleged herein. All allegations against the named Defendants are

17 also alleged against these unnamed co-conspirators as though set forth at length.  The acts alleged to

18 have been done by Defendants were authorized, ordered or done by their directors, officers, agents,

19 employees, or representatives while actively engaged in the management of each of the Defendants'

20 affairs.

21 **III.    VENUE AND JURISDICTION**

22      8.       Defendants, and each of them, are subject to the jurisdiction of this Court by virtue of

23 their business dealings and transactions in California, by having caused injuries through their acts and

24 omissions throughout the State of California.  This Court has subject matter jurisdiction over all causes

25 of action asserted herein pursuant to Article VI, § 10 of the California Constitution.  Each cause of

26 action asserted arises exclusively under the laws of the State of California.  No part of this Complaint

27 arises under federal law, is pre-empted by federal law or challenges conduct within any federal

28 agency's exclusive domain, and adjudication thereof has not been statutorily assigned to any other

438976

3

1  court or jurisdiction.

2       9.      The damages suffered by Plaintiff exceeds this Court's jurisdictional minimum.

3       10.     Each Defendant has sufficient minimum contacts within California to make the exercise

4  of jurisdiction over each Defendant by California courts consistent with traditional notions of fair play

5  and substantial justice.  Defendants are headquartered in or reside in California, and do substantial

6  business in the State of California and are thus subject to personal jurisdiction in California state courts.

7       11.     Venue is proper because some of the agreements and representations which are the

8  subject of this Complaint were made and entered into in the County of Los Angeles, State of

9  California, and a substantial number of acts, omissions, and transactions that give rise to this action

10  were committed, occurred, or otherwise arose within the County of Los Angeles, State of California,

11  including but not limited to some negotiation and performance of contract terms

12  **III.   STATEMENT OF FACTS**

13       12.     Jetsmarter is a travel service provider that allows its customers to book seats on private

14  planes and helicopters through a mobile application. Jetsmarter does not own or operate any aircraft.

15  Rather, it offers its customers seats on private planes that are owned or operated by other companies or

16  individuals, to whom Jetsmarter pays a fee for the flights.

17       13.     JetSmarter intentionally used fraudulent and deceptive advertising and solicitation

18  tactics to induce Mr. Duggal to enroll in a three-year Sophisticated Membership contract, which was

19  executed on October 6, 2017.

20       14.     On June 22, 2017, JetSmarter, through its agent and representative, Christopher Thomas,

21  who identified himself as the Director of European Sales for JetSmarter, contacted Mr. Duggal via E-

22  mail. In the E-mail, Mr. Thomas solicited Mr. Duggal's enrollment in a JetSmarter membership. Mr.

23  Thomas represented that JetSmarter "is a mobile app that seamlessly connects travelers to private jets

24  at...attractive rates with worldwide itineraries, real-time availability [sic], and instant bookings all for

25  one simple annual fee." Additionally, Mr. Thomas stated specifically that a JetSmarter membership

26  included "access to complimentary seats on posted routes throughout Europe, the Middle East, and the

27  United States for one annual fee." The E-mail included a link to JetSmarter's public website, where an

28  online brochure for the Smart Membership again reiterated that the plan included complimentary "free

438976

4

1    seats on shuttle routes less than three hours." Another link embedded in the E-mail directed Mr. Duggal

2    to the online brochure for the Sophisticated Membership plan, which included a list of membership

3    benefits including "[n]o limit on flight credit usage." Fine print at the end of the Sophisticated

4    Membership brochure stated conflictingly that "SOPHISTICATED members do not have a limit on the

5    amount of flight credit they can use on any one given flight," and that "usage [of flight credits] is

6    subject to the terms on flight credit utilization that are subject to change at JetSmarter's sole

7    discretion."

8         15.    On July 22, 2017, Mr. Duggal responded via E-mail to a phone call he had received

9    from Mr. Thomas, requesting that the two of them arrange a phone call for the following Monday. Mr.

10   Thomas responded the same day, agreeing to a phone call and purposefully mentioning that he was

11   "running an incentive this month should new members join pre end of July." Mr. Duggal responded the

12   next day, July 23, 2017, indicating his tentative interest in hearing more about the JetSmarter product

13   for both himself and his wife. In this E-mail, Mr. Duggal also clearly stated that routes flying to New

14   York, San Francisco, and London would be important to him. Rather than wait to discuss the

15   membership options during their scheduled phone call, Mr. Thomas responded the same day with a

16   detailed message, which again touted the high-quality service provided by JetSmarter. In this E-mail,

17   **Mr. Thomas also again reiterated that annual membership would include complimentary access**

18   **to all flights under three hours.**

19        16.    Mr. Duggal, responded to Mr. Thomas with a list of questions that Mr. Duggal

20   specifically asked be discussed during their scheduled phone call the next day. However, Mr. Thomas

21   ignored this request and sent another lengthy E-mail. One of Mr. Duggal's questions specifically

22   addressed the complimentary three-hour flights. Mr. Duggal stated that he spent a lot of his time flying

23   between San Francisco and Los Angeles and sought to clarify that these flights would, in fact, be

24   complimentary. In response, Mr. Thomas again confirmed that three-hour flights—and specifically

25   three-hour flights between Los Angeles and San Francisco—would be free. Later that evening, Mr.

26   Duggal requested that Mr. Thomas send PDF documents stating the terms of the "offers" for both the

27   Smart and Sophisticated Memberships. Mr. Thomas responded in under thirty minutes with PDF

28   versions of the online brochures, to which Mr. Thomas had provided links on June 22, 2017, and an

438976                                          5

1  offer to provide Mr. Duggal with a discounted rate for the Sophisticated Membership. Less than ten
2  minutes later, Mr. Thomas sent another E-mail encouraging Mr. Duggal to enroll in the Sophisticated
3  Membership and restating that the Membership included "$20,000 flight credits to book your own
4  shuttles and transatlantic seats."

5      17.    On July 31, 2017, in reliance on JetSmarter's representations, Mr. Duggal enrolled
6  himself in a JetSmarter Sophisticated Membership and enrolled his wife in a JetSmarter Smart
7  Membership. Less than a month later, on August 30, 2017, JetSmarter agent and representative
8  Christoph Daublebsky, who identified himself as a Senior Membership Specialist, contacted Mr.
9  Duggal again via E-mail. In his message titled "We are now fully funded", Mr. Daublebsky flaunted
10 JetSmarter's newest institutional investors and requested a phone call with Mr. Duggal. Over the course
11 of the next month, JetSmarter through its agents and representatives continued to contact Mr. Duggal
12 by phone and E-mail and used aggressive and fraudulent selling tactics to convince him to upgrade his
13 Membership to a three-year Sophisticated Membership contract. Through these contacts, JetSmarter
14 repeatedly represented that, if Mr. Duggal upgraded to the three-year contract, then the terms of his
15 current contract would be "locked in." In fact, in an E-mail sent on October 4, 2017, Mr. Thomas
16 specifically stated that Mr. Duggal's credits would not be limited and could be used over the three-year
17 term of the contract. The promise that the terms of his contract would be "locked in" for the entirety of
18 his three-year term, was also repeatedly communicated to Mr. Duggal over the phone.

19     18.    On October, 6, 2017, in reliance on JetSmarter's promises that the privileges included in
20 the Sophisticated Membership would be grandfathered in if any terms or conditions of the membership
21 package were subsequently altered, Mr. Duggal signed a three-year Sophisticated Membership contract.

22     19.    However, less than a year into his three-year contract term, JetSmarter, in breach of the
23 terms of Mr. Duggal's contract, unilaterally altered the benefits of Mr. Duggal's membership.
24 Specifically, in breach of the October 6, 2017 Three Year Sophisticated Membership, JetSmarter began
25 charging a fee for flights under three hours and imposed a utilization cap on the number of flight credits
26 that Mr. Duggal could use to book flights.

27     20.    During the first year of his three-year contract, Mr. Duggal received benefits valued at
28 $880,000 through the use of the JetSmarter application. Mr. Duggal's three-year contract included a

438976                                    6

1    provision guaranteeing the right to renew the terms of the contract at the end of the three-year term. Mr.

2    Duggal intended to take advantage of this provision for at least one renewal, thereby bringing his total

3    contract term to six years. Additionally, since committing to the three-year contract, Mr. Duggal has

4    relocated to Los Angeles. This move significantly increased Mr. Duggal's charter jet needs.

5                                   **JETSMARTER'S FALSE ADVERTISING TACTICS**

6              21.      JetSmarter disseminated and caused to be disseminated, false advertising and materially

7    misleading omissions likely to deceive the public, and on which Mr. Duggal materially relied.

8              22.      JetSmarter is liable for its false and deceptive advertising practices. JetSmarter made

9    false and misleading statements to the public and directly to Mr. Duggal, on which Mr. Duggal

10   materially relied when he enrolled in his JetSmarter membership. Moreover, JetSmarter knew or should

11   have known that the statements made were false and misleading. As a result of JetSmarter's false and

12   deceptive representations, Mr. Duggal has suffered substantial monetary losses and emotional distress.

13             23.      Over the course of the e-mail exchanges between Mr. Thomas and Mr. Duggal that took

14   place between June 22, 2017, and July 23, 2017, Mr. Thomas repeatedly promised that if Mr. Duggal

15   enrolled in the Sophisticated Membership, he would receive access to complimentary three-hour flights

16   and the right to unlimited use of flight credits. Additionally, on two separate occasions, Mr. Thomas

17   also provided Mr. Duggal with public advertising materials that restated these benefits. Moreover, in

18   response to Mr. Duggal's hesitations over past unsatisfactory experiences with JetSmarter, Mr. Thomas

19   provided express assurances that JetSmarter was under new management and would provide only the

20   highest quality of service moving forward. Then, after Mr. Duggal had already enrolled in the

21   Sophisticated Membership, JetSmarter engaged in an aggressive campaign to pressure Mr. Duggal into

22   signing a three-year contract. In an attempt to induce Mr. Duggal's commitment to the three-year

23   contract, JetSmarter promised Mr. Duggal that his current benefits would be "locked in" for the entirety

24   of Mr. Duggal's contract.

25             24.      Not only did JetSmarter's promises turn out to be false and misleading, but substantial

26   evidence indicates that JetSmarter was fully aware of the falsity of these promises at the time they were

27   made to Mr. Duggal. Prior to June 2017, numerous complaints had already been made against

28   JetSmarter alleging that JetSmarter had made and broken promises similar to those made to Mr.

438976                                                   7

1  Duggal. These complaints placed JetSmarter on notice that it was making false and misleading

2  statements in its advertisements and solicitation of customers like Mr. Duggal. By continuing to

3  knowingly make these false and misleading statements and false promises to potential customers,

4  JetSmarter violated California's False Advertising Law and is liable for criminal and civil penalties.

5       25.    JetSmarter engaged in unfair methods of competition and unfair deceptive acts and

6  practices that resulted in the sale of services to Mr. Duggal in violation of California's Consumer Legal

7  Remedies Act and Florida's Unfair Trade Practices and Consumer Protection Law.  JetSmarter

8  misrepresented the uses and benefits of its memberships. Specifically, as referenced above, in its public

9  brochures and direct communications, JetSmarter falsely represented and promised that Mr. Duggal's

10  three-year membership contract would lock in access to three-hour complimentary flights and an

11  unrestricted right to use of flight credits for the duration of the contract term. Despite these

12  representations and promises, JetSmarter unilaterally removed both benefits from Mr. Duggal's

13  membership package, rendering the value of the membership significantly lower than the value that was

14  represented to Mr. Duggal and, which induced Mr. Duggal's purchase of the membership.

15       26.    This deceptive behavior also violated Sections 1770(a)(7) and 1770(a)(9) of the

16  California Consumer Legal Remedies Act and the analog Florida's Unfair Trade Practices and

17  Consumer Protection Law, which respectively prohibit representing that goods or services are of a

18  particular standard, quality or grade, if they are of another and advertisements made with an intent to

19  sell a product differing from the one as advertised.

20       27.    JetSmarter's advertisement materials, sent directly to Mr. Duggal, indicated that Mr.

21  Duggal's three-year membership would include the named benefits. Additional solicitation materials

22  and communications made directly to Mr. Duggal further indicated that these benefits would be

23  "grandfathered in" in the event of a subsequent change to JetSmarter's terms and conditions. However,

24  JetSmarter's well documented pattern of making and breaking these advertising promises belies any

25  intention to sell the products as promised in the materials and communications made to Mr. Duggal.

26  **JETSMARTER BREACHED THE OPERATIVE MEMBERSHIP AGREEMENT**

27       28.    JetSmarter breached its contract with Mr. Duggal by charging additional fees for three-

28  hour flights and placing a limitation on the number of flight credits that Mr. Duggal could use.  Mr.

438976                                                    8

1    Duggal has been unable to obtain a copy of the JetSmarter Membership Agreement and Terms of Use
2    as they existed on JetSmarter's website at the time of his enrollment. However, JetSmarter's Terms of
3    Use and Membership Agreement, as they existed at the time of Mr. Duggal's enrollment, did constitute
4    a partially integrated contract and the essential terms of that contract are evident from Mr. Duggal's
5    communications with JetSmarter's representative, Mr. Thomas, and the brochures that Mr. Thomas sent
6    in response to Mr. Duggal's request for the terms of the offers for both the Smart and Sophisticated
7    Memberships. These offers included terms stating that complimentary three-hour flights and unlimited
8    use of flight credits would be included in Mr. Duggal's membership. Moreover, once Mr. Duggal
9    entered the three-year contract on October 6, 2017, the terms of his membership contract included a
10   promise that JetSmarter would not unilaterally alter any of the contract terms, which would be locked
11   in for the entire duration of the three-year contract.

12          29.     JetSmarter breached these terms, when it began charging Mr. Duggal for flights under
13   three hours and enforcing a utilization cap on the number of flight credits that he could use prior to the
14   termination of Mr. Duggal's three-year contract. JetSmarter's breach has injured Mr. Duggal by forcing
15   him to pay additional money for services through JetSmarter and through alternative Jet Charter
16   Services. Mr. Duggal will continue to incur these additional expenses until JetSmarter either complies
17   with the contract terms or pays Mr. Duggal the value of the lost benefits.

18   **JETSMARTER FRAUDULENTLY INDUCED MR. DUGGAL INTO ENTERING THE**
19   **THREE-YEAR SOPHISTICATED MEMBERSHIP**

20          30.     JetSmarter's agent and employee, Mr. Thomas, fraudulently induced Mr. Duggal to rely
21   on false representations in entering into a contract with JetSmarter

22          31.     On July 23, 2017, JetSmarter, through its representative Christopher Thomas
23   represented and promised to Mr. Duggal by E-mail that Mr. Duggal would be entitled to
24   complimentary three-hour flights and unlimited use of flight credits toward the purchase of flights.
25   Over the course of the next two months, after Mr. Duggal had already enrolled in the Sophisticated
26   Membership, JetSmarter further represented to Mr. Duggal that these benefits would be "locked in" –
27   even if JetSmarter's terms and conditions subsequently changed – so long as Mr. Duggal signed a
28   three-year contract. At the time that Mr. Thomas made these representations and promises, he knew

438976                                              9

them to be false as evidenced by JetSmarter's well established and extensively documented practice of making and breaking similar promises to potential customers.  The representations and promises made were false and Mr. Thomas and Jetsmarter knew and understood they were false at the time they were made.  Mr. Thompson knew and understood that the representations and promises would be and were relied upon by Plaintiff.  Mr. Thomas, on behalf of Jetsmarter, at the time those representations and promises were made, knew and understood that he (Mr. Thomas) and Jetsmarter had no intent to honor the representations.

32.     It is clear that not only did JetSmarter intend to deceive Mr. Duggal into believing that these false representations and promises were true, but also that JetSmarter did, in fact, succeed in inducing Mr. Duggal to rely on these false representations and promises as evidenced by Mr. Duggal's having entered into a three-year contract with JetSmarter, on October 6, 2017. Had it not been for Mr. Thomas' knowingly false representations and promises as well as the substantially identical representations and promises made by JetSmarter's advertising and marketing materials, Mr. Duggal would not have entered into his three-year contract. And, as a result of his having done so, Mr. Duggal has suffered monetary losses, which as noted above, amount to at least $5 million in damages. Accordingly, Mr. Duggal is entitled to recover the $5 million, which would place him in as good a position as he would have been in had JetSmarter performed as promised.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

33.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34.     On October 6, 2017, Plaintiff and Defendant entered into an on-line agreement through which in exchange for the payment of $150,000, Defendant Jetsmarter, agreed to provide certain travel benefits to Plaintiff for a three-year Sophisticated Membership.

35.     The agreement entered into by the parties was in a format which was later changed by Defendant and Defendant failed to provide to Plaintiff a copy of the contract after its execution and entry. The terms of Plaintiff's membership contract included a promise that JetSmarter would not unilaterally alter any of the contract terms, which would be locked in for the entire duration of the three-year contract.

438976

10

36.     After Plaintiff began using Defendant's free services as contacted for, Plaintiff came to learn that Defendant Jetsmarter had unilaterally changed the program and that the program offered to Plaintiff – which he had purchased – was no longer being honored. Plaintiff was now required to pay for flights that were supposed to be complimentary or compensable with flight credits. Specifically, JetSmarter breached these terms, when it began charging Mr. Duggal for flights under three hours and enforcing a utilization cap on the number of flight credits that he could use prior to the termination of Mr. Duggal's three-year contract. JetSmarter's breach has injured Mr. Duggal by forcing him to pay additional money for services through JetSmarter and through alternative Jet Charter Services.

37.     As a result of these changes, Plaintiff has been unable to continue to utilize the services for which he contracted and purchased.

38.     Plaintiff performed all its obligations under the Agreement except to the extent it was excused or prevented from doing so by the breach or other actions of Defendant.  Plaintiff never breached any term of the Agreement or failed to satisfy any of its obligations under the Agreement. Defendant never accused Plaintiff of breaching any term of the Agreement, or of failing to satisfy any obligation under the Agreement. Defendant never communicated to Plaintiff any suspicion or concern that Plaintiff had breached any term of the Agreement or failed to satisfy any of its obligations under the Agreement.  Defendant therefore had no grounds to breach the Agreement or change its terms.

39.     The Agreement contains an implied covenant of good faith and fair dealing guaranteeing that neither party will act in such a way as to interfere with the other party's right to receive its bargained-for benefits under the Agreement.

40.     To the extent any breach alleged herein did not violate an express term of the Agreement, Defendant breached the implied covenant of good faith and fair dealing contained in the Agreement when it began charging Mr. Duggal for flights under three hours and enforcing a utilization cap on the number of flight credits that he could use prior to the termination of Mr. Duggal's three-year contract., all without any good cause, thereby unfairly interfering with Plaintiff's right to receive its bargained-for benefits under the Agreement.

41.     By means of their actions and conduct described above, Defendants have breached the contract with Plaintiff and as a direct and proximate result of Defendants' caused Plaintiff damages.

438976                                                    11

42.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

      a)     Awarding judgment and damages of no less than $5,000,000 sustained by Plaintiff, together with pre-judgment interest;

      b)     Awarding Plaintiff his costs and disbursements and reasonable allowances for the fees of Plaintiff's counsel and experts, and reimbursement of expenses;

      c)     Awarding pre and post judgment interest as permitted by law; and

      d)     Awarding such other and further relief the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     Implied in every contract is the duty for each party to utilize good faith in its performance. Common law calls for substantial compliance with the spirit, not just the letter, of a contract in its performance.

45.     In entering into the agreement at issue there exists an implied covenant that the parties will act in good faith and deal fairly, and that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Defendant JetSmarter did not act consistently with this principal when it unilaterally changed the very basis of the agreement entered into with Plaintiff.

46.     As a direct and proximate result of Defendant JetSmarter's conduct, Plaintiff has suffered damages.

47.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

      a)     Awarding judgment and damages of no less than $5,000,000 sustained by Plaintiff, together with pre-judgment interest;

      b)     Awarding Plaintiff his costs and disbursements and reasonable allowances for the fees of Plaintiff's counsel and experts, and reimbursement of expenses;

      c)     Awarding pre and post-judgment interest as permitted by law; and

1          d)      Awarding such other and further relief the Court deems just and equitable.

2                   **THIRD CLAIM FOR RELIEF**

3 **(Violation of the Deceptive and Unfair Trade Practices Act and Consumer Legal Remedies Act)**

4          48.      Plaintiff incorporates the foregoing allegations as if fully set forth herein.

5          49.      In attempting to advertise, market and sell the flight services, Defendants, Jetsmarter and

6 Mr. Thomas, made an express representation that if Plaintiff upgraded to the three-year contract, then

7 the terms of his current contract would be "locked in" and the Plaintiff would receive all of the benefits

8 described to him both verbally and in writing.

9          50.      In reliance on Defendant's representation, Plaintiff signed a three-year Sophisticated

10 Membership contract which promised that all privileges included in the Sophisticated Membership

11 would be grandfathered in if any terms or conditions of the membership package were subsequently

12 altered.

13          51.      After purchasing the three-year Sophisticated Membership for himself and a Smart

14 Membership for his wife with Defendants, Plaintiff came to learn that the programs as sold to him were

15 either reduced and/or terminated. Plaintiff is now required to pay additional substantial amounts for

16 other services Defendants promised were already included in the annual fee. This, along with other

17 components of the purchase which vanished, was contrary to the express representation made by

18 Defendants in their marketing and advertising.

19          52.      Jetsmarter's conduct was likely to deceive a consumer acting reasonably under similar

20 circumstances.

21          53.      Jetsmarter's false and deceptive representations and advertisements were intended to and

22 actually did deceive Plaintiff into purchasing and upgrading his "membership" with Jetsmarter.

23          54.      Plaintiff is a "Consumers" as defined in Section 501.203(7) Florida's Deceptive and

24 Unfair Trade Practices Act and under the California Consumer Legal Remedies Act.

25          55.      The advertising and selling of the "memberships" fall within the definition of "trade or

26 commerce" as well as "things of value" as defined in Florida Statute 501.203(8) and (9) respectively,

27 and also invoke the California Consumer Legal Remedies Act.

28          56.      Through the use of the communications and in connection with the sales and

438976                      13

advertisement of its services to Plaintiff, Defendants made misrepresentations and false promises. Moreover, Defendants' methods of unilaterally changing the membership program and thereafter refusing to return the purchase price - and other similar and related activities - constitute unconscionable practices under the Florida statutes cited above and under Sections 1770(a)(7) and 1770(a)(9) of the California Consumer Legal Remedies Act.

57. As a result, Plaintiff has suffered damages.

58. WHEREFORE, Plaintiff Sachin Duggal demands judgment against Defendants, jointly and severally, as follows:

    a)    Awarding judgment and damages of no less than $5,000,000 sustained by Plaintiff, together with pre-judgment interest;

    b)    Awarding statutory damages;

    c)    Awarding Plaintiff Sachin Duggal his costs and disbursements and reasonable allowances for the fees of Plaintiff's counsel and experts, and reimbursement of expenses;

    d)    Awarding pre and post-judgment interest as permitted by law; and

    e)    Awarding such other and further relief the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF

### (Fraud)

59. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60. In the July, August and October 2017 communications from Jetsmarter and Mr. Thomas to Plaintiff, Defendants made material representations about the program which Plaintiff were purchasing and that upon prepayment, Plaintiff would be able to fly on the Jetsmarter charters within three hours of their departure city without further charge.

61. Jetsmarter's representations were false.

62. Jetsmarter made the representations and promises with knowledge of their falsity or recklessness as to whether they were true or false, and with the intent of misleading Plaintiff into relying on these representations.

63. Defendants knew or should have known that these representations and promises to

438976

14

**COMPLAINT**

Plaintiff were false and misleading and that Plaintiff would rely upon the same. Each of the misrepresentations and promises alleged above was made by a managing agent of Jetsmarter, or was authorized, approved or ratified by Jetsmarter management.

64.     These representations and promises were material to Plaintiff's initial purchase and upgraded membership with Jetsmarter.

65.     Plaintiff reasonably relied upon Defendants' statements and promises by enrolling with Jetsmarter and paying the amounts quoted to him.

66.     Defendants' acts and omissions, as stated above, constitute despicable conduct undertaken with fraud, oppression and malice toward the Plaintiffs as those terms are defined in Civil Code, §3294. In addition to any other damages awarded, Plaintiffs are entitled to punitive damages against the Defendants for this misconduct.

67.     As a direct and proximate result of Plaintiff's reliance on Jetsmarter's false representations, Plaintiff has suffered damages.

68.     WHEREFORE, Plaintiff Sachin Duggal demand judgment against Defendants, jointly and severally, as follows:

        a)   Awarding judgment and damages of no less than $5,000,000.00 sustained by Plaintiff, together with pre-judgment interest;

        b)   Awarding punitive damages;

        c)   Awarding Plaintiff Sachin Duggal his costs and disbursements and reasonable allowances for the fees of Plaintiff's counsel and experts, and reimbursement of expenses;

        d)   Awarding pre and post-judgment interest as permitted by law; and

        e)   Awarding such other and further relief the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF

### (Negligent Training and Supervision)

69.     Plaintiff incorporates the prior Counts as if fully set forth herein.

70.     Jetsmarter and its agents instructed or at least permitted Mr. Thomas to utilize its name in the carrying out of marketing and sales of flight services.

438976

15

**COMPLAINT**

71.     When marketing, advertising and selling the services which is the subject matter hereof, Mr. Thomas was acting within the scope of his agency or employment.

72.     Jetsmarter and its agents had a duty to properly train and supervise Mr. Thomas which Jetsmarter failed to carry out.

73.     The actions taken by Mr. Thomas in the marketing and sale of the property to Plaintiff caused Plaintiff damages.

74.     WHEREFORE, Plaintiff Sachin Duggal demand judgment against Defendants, jointly and severally, as follows:

      a)     Awarding judgment and damages of no less than $5,000,000 sustained by Plaintiffs, together with pre-judgment interest;

      b)     Awarding Plaintiff Sachin Duggal his costs and disbursements and reasonable allowances for the fees of Plaintiff's counsel and experts, and reimbursement of expenses;

      c)     Awarding pre and post-judgment interest as permitted by law; and

      d)     Awarding such other and further relief the Court deems just and equitable.

Dated: January **6**, 2020                    ENGSTROM, LIPSCOMB & LACK


By: _____
WALTER J. LACK
STEVEN C. SHUMAN
ANDREW M. JACOBSON
Attorneys for Plaintiff

438976                              16

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff SACHIN DEV DUGGAL hereby demands a jury trial.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.  For general damages in a sum in excess of the minimum jurisdiction of this Court;

2.  For special damages according to proof;

3.  For an Order requiring Defendants to make restitution of all revenues, earnings, compensation, and benefits obtained as a result of Defendants' wrongful conduct;

4.  For pre-judgment interest according to proof;

5.  For exemplary damages sufficient to punish and deter Defendants according to proof;

6.  For costs of suit incurred herein;

7.  For such other and further relief as the Court may deem just and proper.

Dated: January _6_, 2020

ENGSTROM, LIPSCOMB & LACK

By_____
WALTER J. LACK
STEVEN C. SHUMAN
ANDREW M. JACOBSON
Attorneys for Plaintiff

438976

17

**COMPLAINT**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2020 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk **CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew M. Jacobson, Esq. (SBN 286330)<br>Engstrom, Lipscomb & Lack<br>10100 Santa Monica Boulevard, 12th Fl<br>Los Angeles, California 90067<br>TELEPHONE NO: (310) 552-3800   FAX NO: (310) 552-9434<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: DUGGAL v. JETSMARTER

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☒ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Five
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 6 , 2020

ANDREW M. JACOBSON, ESQ.
(TYPE OR PRINT NAME)                                  ▶                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SACHIN DEV DUGGAL

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2020 05:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

| SHORT TITLE: DUGGAL v. JETSMARTER, INC.+ | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: DUGGAL v. JETSMARTER, INC.+ | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: DUGGAL v. JETSMARTER, INC.+ | | CASE NUMBER |
| --- | --- | --- |

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
|  | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
|  | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
|  |  | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
|  |  | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
|  | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
|  | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
|  | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
|  | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
|  | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
|  | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
|  |  | ☐  A6160  Abstract of Judgment | 2, 6 |
|  |  | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
|  |  | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
|  |  | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
|  |  | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
|  | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
|  |  | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
|  |  | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
|  |  | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
|  | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
|  |  | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
|  |  | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
|  |  | ☐  A6190  Election Contest | 2 |
|  |  | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
|  |  | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
|  |  | ☐  A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: DUGGAL v. JETSMARTER, INC.+ | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 2175 Summitridge Drive |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Beverly Hills | CA | 90210 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January  6  ,2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/08/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Romunda Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV01026 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Barbara A. Meiers | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/09/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Romunda Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◇**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:             FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                        (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

_____     ➢ _____
(TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

THE COURT SO ORDERS.

Date: _____

JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

#### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

#### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

#### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

#### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145  Info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b.  **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer_EngSpan.pdf

c.  **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3.  Arbitration: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.  Mandatory Settlement Conferences (MSC): MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

.

Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
                                 )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

   h) Writs and Abstracts

      Writs and Abstracts must be submitted as a separate electronic envelope.

   i) Sealed Documents

      If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

   j) Redaction

      Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

   a) Filed Date

      i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.  (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

      ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

   a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2       day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3       application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6       be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7       the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8       by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10      electronic submission) is required for the following documents:

11      i)    Any printed document required pursuant to a Standing or General Order;

12      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13           pages or more;

14      iii)  Pleadings and motions that include points and authorities;

15      iv)   Demurrers;

16      v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17      vi)   Motions for Summary Judgment/Adjudication; and

18      vii)  Motions to Compel Further Discovery.

19   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20      additional documents.  Courtroom specific courtesy copy guidelines can be found at

21      www.lacourt.org on the Civil webpage under "Courtroom Information."

22 10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23   a) Fees and costs associated with electronic filing must be waived for any litigant who has

24      received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25      1010.6(d)(2).)

26   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27      section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28      electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



    KEVIN C. BRAZILE

11       Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7